DAVID DALSWELL, ALIAS DAVID BYRD, *Plaintiff in Error*, v.
THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed November 10, 1919.

The statute provides that "the common law rule 'that a boy
under fourteen years of age is conclusively presumed to be
incapable of committing the crime of rape' shall not here-
after be in force in the State of Florida; the capability of a

person to commit the crime of rape shall be determined by the jury," and where the testimony affords a sufficient legal basis for a finding of "capability" and ample evidence of guilt on the part of a boy not quite fourteen years of age, charged with the offense of carnally knowing and abusing a female child under ten years of age, a verdict of guilt will not be disturbed.

A Writ of Error to the Circuit Court for Jackson County, C. L. Wilson, Judge.

Judgment affirmed.

W. E. B. Smith, for Plaintiff in Error;

Van C. Swearingen, Attorney General, and Stuart Gillis, Assistant, for the State.

WHITFIELD, J.—The plaintiff in error was convicted of carnally knowing and abusing a female child under the age of ten years on July 19, 1918, under Section 3221 of the General Statutes of 1906, and sentenced to life imprisonment.

On writ of error it is contended that as the defendant was under fourteen years of age, the conviction should not stand, since, as argued, there is no evidence of the capacity of the defendant to commit the crime.

Section 3222 of the General Statutes of 1906, provides that "the common law rule 'that a boy under fourteen years of age is conclusively presumed to be incapable of committing the crime of rape' shall not hereafter be in force in the State of Florida; the capability of a person to commit the crime of rape shall be determined by the jury."

The prosecutrix testified that the defendant "David

pulled me out of a tree top, threw me down, pulled up my clothes,. pulled my drawers down, got on top of me between my legs, and forced his private parts into mine; he hurt me and tore me. While he was on me Mrs. Dudley came and he jumped up and ran away."

Mrs. Dudley testified that in response to screams by a child who was with the prosecutrix going home from school, she and the victim's mother hastened to the scene "and when I got in sight of other children, I saw David have Nettie Tyre in a tree top off from road and he was on top of her, and he jumped up and ran off. Nettie was crying. Her dress was up, her drawers and her body exposed. Her private parts were bleeding."

The physician who examined the prosecutrix soon after the occurrence testified: "I examined her. The vagina and hymen were both lacerated, apparently torn. She was bleeding. I put some packing in to stop flow of blood. Her private parts had been entered by some blunt instrument. I couldn't say what. The wound I found could have been made either by the introduction of a boy's or man's penus or it could have been torn with the fingers."

A physician who examined the victim the next day testified: "I found the vagina and hymen both freshly lacerated, with evidence of hemorrhage; I do not remember that she was bleeding at the time. But there was evidence of her having bled from these lacerations. The wounds were fresh. I would judge were made day before. In my judgment she had been entered by some blunt instrument. I, of course, can't say what."

The defendant testified that he "was not in tree top with her. Was not on top of her and did not have intercourse with her, and did not try to. Did not put my private

parts in hers. I am now 14 years old, was 14 last August."

A 15-year-old sister of the defendant corroborated his testimony.

The positive testimony as to the act of the defendant and of its consequences to the victim, was a sufficient legal basis for a finding of "capability" on the part of the defendant and the verdict has ample support in the evidence.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.