EMPIRE DRUG COMPANY, A CORPORATION, *Appellant,* v. A. T. SMITH, *Appellee.*

Opinion Filed December 13, 1919.

1   Upon an accounting in a case where a master has taken and reported the evidence, in which evidence there is some conflict, and the chancellor has reviewed the evidence and made a finding as to the amount due by one of the parties to the other and renders a decree for such sum, and there is sufficient evidence in the record to justify such finding, the conclusions of the chancellor as to the amount due will not be reversed.

2.   Where a person performs labor for a corporation conducting a drug store business, "as its manager, clerk and bookkeeper," such person has, under the provisions of Section 2198 of the General Statutes of Florida, 1906, a lien for whatever sum may be due for work and labor.

3.   In proceedings in chancery to enforce statutory liens for work and labor done, it is error to decree an allowance for an attorney's fee to the prevailing party without proof of the reasonableness of the amount allowed. When the decree is otherwise proper it may be affirmed upon entering a remittitur for the attorney's fee erroneously awarded.

An Appeal from the Circuit Court for DeSoto County; John S. Edwards, Judge.

Decree affirmed in part; reversed in part.

W. W. *Whitehurst,* for Appellant;

*Leitner & Leitner,* for Appellee.

BULLOCK (*Circuit Judge*).—Appellee filed his bill of complaint against appellant to foreclose an alleged lien for work and labor done and performed by appellee for appellant as "Manager, bookkeeper and clerk," under an agreement with the appellant in conducting its business, which service terminated November 6th, 1916, and for which appellant owed him the sum of $320.60, and claimed a lien "upon the fixtures, books, stock and other things in the store of the defendant at Wauchula, Florida." It is alleged that immediately upon the termination of the said service, "to-wit: November 12th, 1916, he filed in the public records of DeSoto County, and have recorded a lien against all and singular the goods, wares, merchandise and fixtures of the said defendant in the sum of $320.60," and attaches the original to the bill and made a part thereof. The bill alleged that said work and labor performed "was done according to contract."

It is not alleged whether this contract was verbal or in writing. The bill prays for an accounting, "including a reasonable attorney's fee," and that the sum found due may be "directed to be paid." It was also alleged that the labor was accepted and approved by defendant. "Prayed that said sum found to be due be paid within a short time," and if not that the "Drug store consisting of goods, wares, drugs, mercandise and stock may be sold to satisfy the said decree." The sufficiency of this bill was not tested by motion, demurrer or other pleading, but defendant filed an answer in which it admitted that the "complainant was employed by this defendant as a clerk

and bookkeeper in and about its business in the City of Wauchula, Florida, and that the said complainant worked in and about said business for defendant;" but it denied that the said "complainant was employed in and about their business as a clerk under any agreement with this defendant until the 6th of November, 1916, as in said bill alleged." The second paragraph of the answer "denies that complainant was employed and worked for this defendant * * * up to the 6th of November, 1916, and denies that said work and labor was ever accepted and approved;" and denied that it owed the appellee $320.60. Denies that it refused to settle with the complainant, but that prior to the institution of the suit that it offered to pay complainant "the balance due him for the said labor and service" the sum of $51.81. The fourth paragraph denied that complainant had a lien. The fifth paragraph denied that the work was performed "according to any contract," or that it was "accepted and approved. The sixth paragraph says it had paid all due complainant except the sum of $51.81 "which it is now ready, able and willing to pay."

The sufficiency of this answer was not tested in any manner, but a master was appointed who took and reported the testimony and the chancellor rendered a decree in favor of the complainant in the sum of $320.60, for principal, and $38.81 for interest and $35.94 for attorney's fee, from which decree this appeal is taken.

It seems that the real issue, so treated by both parties, was the amount claimed to be due complainant.

There are five assignments of error, the substance of which are first, the allowance of the principal sum due of $320.60; and, second, for the allowance of the sum of $395.35 for "principal, interest and attorney's fee;" and,

third, in decreeing complainant entitled to a lien, and, fourth, in decreeing a lien for $395.35, and, fifth, in not dismissing the bill.

There was some conflict in the testimony as to the amount due to the complainant, as to what salary he was to receive, but there is ample evidence in the record to support the finding of the chancellor as to the amount that he found to be due. After a careful review of the testimony, to recite which would be of no substantial benefit, we are of the opinion that the chancellor's conclusion as to the weight of the testimony was correct.

We have found no reversible error in the allowance of the sum of $320.60 for the principal. Interest was allowed on this sum from November 6th, 1916, the date the employment ceased. The appellee, complainant in the lower court, testified, without contradiction, that he demanded a settlement when he left appellant's service, November 6th, 1916. The amount was the only thing involved. Whatever the sum was, it was then due. The amount has been determined and there was no error in allowing interest on it.

We have seen that the second assignment of error and the fourth assignment of error, bring in question the right to an allowance, in the decree, of an "attorney's fee." The bill claimed a reasonable sum for attorney's fee, but we are unable to find in the record any evidence as to what would be a "reasonable attorney's fee."

Upon the authority of Gunby v. Drew, 45 Fla. 350, 34 South. Rep. 305, it was error to decree any sum for an attorney's fee without the proof thereof appearing in the record. As to the constitutionality of Section 2288, General Statutes, 1906, see Union Terminal Co. v. Turner

Const. Co., 247 Fed. Rep. 727; Phillips v. Atwell, 76 Fla. 480, 80 South. Rep. 180.

The third and fourth assignments may be treated together. These assignments bring into question the right of the complainant to a lien. The allegations of the bill and the admissions of the answer show, as well as the proof, that the appellee as bookkeeper did render service to the appellant, as well as other service he rendered. The answer admits that "the complainant was employed by this defendant as clerk and bookkeeper in and about its business," and also admits "that complainant worked in and about said business for defendant."

Section 2198 of the General Statutes of Florida declares a lien "in favor of bookkeepers, clerks, agents, porters and other employes of merchants and transportation companies and other corporations, upon the stock, fixtures and other property of such merchants, companies or corporations."

The third and fourth assignments of error are not well taken.

There is nothing in the record that would have justified the chancellor in dismissing the bill. The fifth assignment of error is not well taken.

We find no reversible error in the decree appealed from and the same should be affirmed, except as to allowance of the attorney's fee, and as to this feature the complainant may enter a remittitur of the $35.94 attorney's fee, and thereupon the decree will stand affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by

the court that the decree herein be and the same is hereby affirmed upon entering a remittitur as stated in the opinion.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.