H. LOWE, *Appellant*, v. EAST AND WEST COAST RAILWAY, A CORPORATION, *Appellee*.

Opinion Filed January 24, 1920.

1. In a suit to enforce a laborer's lien when the evidence does not sustain the specific finding as to the amount due, the decree will be reversed for a proper decree.

2. The suggested invalidity of Section 2218, General Statutes, 1906, allowing attorney fees to the plaintiff in suits to enforce the statutory liens of laborers and material men, not determined.

An Appeal from the Circuit Court for Manatee County; F. M. Robles, Judge.

Decree reversed.

*John B. Singeltary,* for Appellant;

*Chas. T. Curry,* for Appellee.

WHITFIELD, J.—In a suit to enforce a laborer's lien, there was ultimate decree for the complainant in the sums of $9,000.00 for work and labor done and bestowed upon the road bed and track of the defendant company, interest amounting to $1,962.00 and for $1,096.20 as attorney fee. Sec. 2191 *et seq.,* Gen. Stats., 1906.

The complainant appealed, claiming a right to a larger recovery, while the defendant as appellee filed cross-assignments of error under Special Rule 4 permitting it in chancery cases, the purpose being to contest the recovery awarded by the decree.

As the items of labor proven under the allegations of the bill of complaint do not total exactly $9,000.00, and as it does not appear from the evidence how that precise amount could have been arrived at, the cause should be remanded for a proper decree predicated upon the probative effect of the evidence already adduced and upon the principles of law that may be announced herein, or otherwise applicable thereto.

There can of course be no recovery in this suit for services not rendered to the defendant as provided by the statute giving the lien; and charges not authorized by law or by the evidence should not be allowed the defendant against proven amounts due the complainant for labor performed within the contemplation of the statute giving the lien and sufficiently covered by the allegations of the bill of complainant.

The appellee has not raised the question of the constitutionality of Section 2218 of the General Statutes of 1906, allowing a recovery of attorneys' fees by the plain-

tiff in cases of this nature, as applied to the facts of this case; but this court has noted that the United States Circuit Court of Appeals has declared that Section 2218 of the General Statutes is in conflict with the Fourteenth Amendment to the Federal Constitution. See Phillips v. Atwell, 76 Fla. 480, 80 South. Rep. 180; Union Terminal Co. v. Turner Const. Co., 247 Fed. Rep. 727; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. Rep. 255; Chicago, M. & St. P. R. Co. v. Polt, 232 U. S. 165, 34 Sup. Ct. Rep. 301; Missouri, K. & T. R. Co. of Texas v. Cade, 233 U. S. 642, 34 Sup. Ct. Rep. 678; Missouri, K. & T. R. Co. of Texas v. Harris, 234 U. S. 412, 34 Sup. Ct. Rep. 790; Nelson v. Selden, etc., 78 Fla. 204, 82 South. Rep. 286.

In Dell v. Martin, 41 Fla. 221, 26 South. Rep. 188, a divided court held a somewhat different statute to be valid as applied in that case. Since then the principles of organic law controlling such matters have been more fully developed. See Taylor on Due Process of law, Sec. 251 et seq.; Missouri, K. & T. R. Co. of Texas v. Harris, 234 U. S. 412, 58 L. Ed. 1377, 34 Sup. Ct. Rep. 790, L. R. A. (N. S.) 1915E 942, and Notes 947; Union Terminal Co. v. Turner Const. Co., 159 C. C. A. 585, 247 Fed. Rep. 727.

Reversed and remanded for a proper decree.

Browne, C. J., and Taylor, Ellis and West, J. J., concur.