HENRY C. CRIM AND HARRY C. CRIM, *Plaintiffs in Error,* v. S. L. DRAKE, *Defendant in Error.*

Opinion Filed November 14, 1923.

1. Allegations in a replication, inconsistent with those in a declaration, deprive the defendant of his right to have a definite issue upon which the case can be submitted to the jury, and prevents the issue from being clearly and accurately defined, and constitute a departure in pleading.

2. A replication that sets forth matter not declared on in the original pleading, which is a contradiction of the allegations of the declaration and seeks to place the right of recovery upon a different theory to that of the declaration, is a departure in pleading.

3. A departure takes place when, in any pleading, the party deserts the ground he took in his last antecedent pleading and resorts to another.

4. The provisions of Section 3525, Revised General Statutes, 1920, which allows solicitors' fees in favor of the material men and laborers are unconstitutional.

This case was decided by Division A.

A Writ of Error to the Circuit Court for Broward County; E. C. Davis, Judge.

Judgment reversed.

*Baxter* & *Chancey,* for Plaintiffs in Error;

*C. E. Farrington,* for Defendant in Error.

BROWNE,·J.—S. L. Drake brought suit against Henry C. Crim and Harry C. Crim, to recover a balance alleged to be due the plaintiff for services under a verbal contract for acting as superintendent of construction for defendants in the construction of a store building in which the plaintiff was to furnish material and tools necessary for the erection of the building, oversee the workmen, assist in the purchase of materials, and superintend the construction of the building or so much thereof as the defendants desired.

In consideration of his services, the defendant "agreed to pay plaintiff an amount equal to ten per cent of the cost of the construction of the building, including the materials and labor thereof, except on specific articles on which 5% was agreed to be charged."

The declaration alleges that plaintiff *"did act as superintendent of construction* in the construction of said building;" that he "did furnish the engines and machinery, *oversee the workmen,* assist in the purchase of materials, and *supervise the construction of* said building, *to the substantial completion thereof,* as ordered by the defendants, according to the terms of his contract, and had *fully discharged his duties thereunder* to defendants prior to June first, 1921, fully and completely as he had obligated himself to do." (Italics ours.)

The defendants filed five pleas. The 4th set up, that the building "was constructed in an imperfect and defective manner so as to be unfit for the use for which it was designed;" that it "was so constructed by the plaintiff that it did not and does not withstand rain; after the con-

struction of said building as a result of rainy weather
water leaked through the sides and walls of said building,
and caused a large quantity of plaster to fall from the
ceilings and inside walls of said building, and damaged
and injured the stock of goods and merchandise which the
defendants in the operation of their said store had placed
in said building; that in addition to the damage to said
stock of goods and to the plaster upon said building the
defendants have been and will be compelled to incur a
large expenditure for labor and materials to put the said
building in a good and substantial and workmanlike con-
dition and to make the same fit for the use for which it
was intended,'' and offered to recoup so much of their
damage and loss as would equal the claim of the plaintiff.

To this plea the plaintiff filed a replication in which he
admits that he agreed to construct the building as alleged
in the first part of the 4th plea, ''except that same *was to
be constructed under the supervision of the defendants;*
plaintiff admits that said building leaked to some extent,
but that said leakage if any was caused by *the discontinua-
tion of the construction of said building before the same
was fully completed,* by the orders of the defendants.
Plaintiff further says that if any damage resulted from
the leakage of said building that the same was the direct
cause of the action of the defendants in concluding the
work on said building before the same was fully com-
pleted.'' (Italics ours.)

A motion to strike the replication to the 4th plea was
overruled, and this is assigned as error.

The declaration alleged as the basis of the plaintiff's
claim, that he ''did act as superintendent of construction
in the construction of said building,'' that he did ''over-
see the workmen,'' that he did ''supervise the construction
of said building to the substantial completion thereof,''

"and had fully discharged his duties thereunder to defendants prior to June 1, 1921.

When met by the defendants' 4th plea, that the services, which were in a large part the basis of plaintiff's claim, were not performed in a "substantial, skillful and workmanlike manner," and that the building was "unfit for the use for which it was designed, and that the defendant had suffered considerable damage as the result of the plaintiff's unskillful and improper construction," the plaintiff changes front and files a replication containing allegations inconsistent with the allegations of his declaration.

In his declaration he says, that "he acted as superintendent of construction to the substantial completion of the building;" but in his replication he says, that it "was to be constructed under the supervision of the defendants." In his declaration he says, that his superintendence continued "to the substantial completion of the building," but in his replication he says, that "the leakage was caused by the discontinuation of the construction of the building before the same was fully completed by the orders of the defendant." In his declaration he says "the building was substantially completed under his supervision;" but in his replication he says that "the defendants required him to conclude work on the building before the same was fully completed."

These inconsistent allegations deprived the defendants of their right to have a definite issue upon which the case could be submitted to the jury, and prevented the issue from being clearly and accurately defined.

The replication not only set forth matter not declared on in the original pleading, but was a contradiction of the allegations in the declaration, and an attempt to place the right of recovery upon an entirely different theory.

We think the replication to the 4th plea offends the rule against departures in pleading which is thus laid down: "A departure takes place. when, in any pleading, the party deserts the grounds he took in his last antecedent pleading and resorts to another." Andrews Stephen's Pleading, 402. Eagle Fire Co. v. Lewallen & Co., 56 Fla. 246.

Under the condition of the pleadings presented by the refusal of the trial court to grant the motion to strike the replication to the 4th plea, the defendant was not apprised whether he was to look to the declaration or the replication for the cause of action.

As was said in Brown v. McCune, 5 Sandf. (N. Y.) 224, "It is in the complaint, and not in the reply, that we are to look for the cause of action."

In the instant case, the plaintiff sought to force the defendant to trial without apprising him whether he intended to rely on the allegations of the declaration or those of the replication. "The settled rule is that the replication must not depart from the allegations set out in the declaration in any material matter, and the reason given for it is, that if parties were permitted to wander from fact to fact, and to supply a new cause of action as often as the defendant should interpose a legal bar to that which the plaintiff first set out, it would lead to endless prolixity, and it would even be possible by this means to prevent them from ever coming to issue." Lindsay v. Jamison, 4 McCord (S. C.) 93.

In Distler v. Dabney, 3 Wash. 200, it was said, "To allow the plaintiff to prove his case on the averments of either the complaint or reply, as it happened to suit him; to obtain a judgment for money had and received, or upon a rescission of the contract for the purchase of land, as the testimony happens to serve, would be to allow him to

go fishing for a judgment; while the defendant would be uncertain what he was called upon to defend until the testimony of plaintiff had been submitted." See also Osten v. Winehill, 10 Wash. 333, 38 Pac. Rep. 1123; Erickson v. F. McLellan & Co., 46 Wash. 661, 91 Pac. Rep. 249; Trainor v. Worman, 34 Minn. 237, 25 N. W. Rep. 401; Hoxsie v. Kempton, 77 Minn. 462, 80 N. W. Rep. 353.

The motion to strike the replication to the 4th plea should have been granted.

The jury returned a verdict for the plaintiff in the sum of $774.66, for which the court entered judgment with interest at the rate of 8% per annum, and also for the sum of $77.46 "as reasonable attorney's fees herein fixed by the court," under the provisions of Section 3525, Revised General Statutes, 1920.

When the plaintiff sought to introduce evidence as to the value of the attorney's fees, objection was made by the defendant, one of the grounds of which was, "that the statute allowing the attorney's fees in such cases is unconstitutional and void."

In the case of Palm Beach Bank & Trust Co. v. Lainhart, 84 Fla. 662, 95 South. Rep. 122, this court said: "The court erred in allowing solicitor's fees in favor of materialmen and laborers. The statute making such provision is, as has been pointed out by this court, unconstitutional. See Phillips v. Atwell, 76 Fla. 480, 80 South. Rep. 180; Union Terminal Co. v. Turner Const. Co., 247 Fed. 727, 159 C. C. A. 585, 11 A. L. R. 880; Nelson et al. v. Selden Cypress Door Co., 78 Fla. 204, 83 South. Rep. 286; Empire Drug Co. v. Smith, 78 Fla. 594, 83 South. Rep. 458; Lowe v. East & West Coast Ry., 79 Fla. 43, 83 South. Rep. 671."

For the errors in denying the motion to strike the replication to the fourth plea, and entering judgment for the

plaintiff in which attorney's fees were allowed, the judgment is reversed.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.