SOL MEYER and J. J. KISER, *Appellants*, v. R. B. WHITE LUMBER COMPANY, INC., a Corporation, CHARLES DAVIS, LOUIS ARNOLD and E. W. HARTUNG, *Appellees*.

Division B.

Decision filed July 7, 1928.

Petition for rehearing denied November 14, 1928.

*Loftin, Stokes & Calkins,* for Appellants;

*Clark, Clark & Johnson,* for Appellees.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the order herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said order; it is, there-

fore, considered, ordered and adjudged by the Court that the said order of the circuit court be, and the same is hereby affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

*Loftin, Stokes* and *Calkins,* Attorneys for Appellants;

*Clark, Clark & Johnson,* Attorneys for Appellee.

## ON PETITION FOR RE-HEARING

PER CURIAM.—In this case there was a decree *pro confesso* against the appellants dated January 3, 1927. Appellants filed petition to vacate decree *pro confesso* on the 31st day of August, 1927, after final decree on July 18, 1927. Petition was denied. Appeal was taken from the final decree of July 18, 1927, and from the order of the court dated September 3, 1927, denying the motion to vacate and set aside the decree *pro confesso* dated January 3, 1927, and the final decree dated July 18, 1927.

The denying of the motion to vacate and set aside the

decree *pro confesso* and the final decree was within the sound discretion of the chancellor and the record discloses no abuse of that discretion in that the record fails to show that the appellants exercised all reasonable care and diligence in defending the cause. In fact, the record shows that appellants were careless and negligent in that regard. Therefore, the chancellor will not be held to have committed error in denying the petition.

The priorities of rights of the parties were alleged in the bill of complaint and admitted by the decree *pro confesso* and the final decree conforms to the pleadings and required proof in this regard. The final decree, however, erroneously requires Sol Meyer and J. J. Kiser to pay an indebtedness for which they are not shown to be liable, and contains an adjudication in favor of the complainants against the defendants requiring the payment of $140.11 as attorney's fees. This latter item of the decree is not supported by the law applicable to such cases, the provisions of the statute under which the same appears to have been entered having been held to be unconstitutional by this court in the case of Crim v. Drake, 86 Fla. 470, 98 So. R. 349; Palm Beach Bank & Trust Co. v. Lainhart, 84 Fla. 662, 95 So. R. 122; Martin v. Rothar, 113 So. R. 713; Martin v. Walklin Lumber & Supply Co., 113 So. R. 714; Security Finance Co. v. Garden, 114 So. R. 232. The decree should be reversed and it is so ordered insofar as the same adjudges and decrees the payment of the attorney's fees above referred to, and adjudges an indebtedness against Sol Meyers and J. J. Kiser. The remainder of the decree should be affirmed and it is so ordered.

Rehearing denied.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

Ellis, C. J., and Strum, J., concur in the opinion and judgment.

Brown, J., not participating.