THE FLORIDA RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error*, v. M. L. ADAMS AND T. B. ADAMS, PARTNERS UNDER THE FIRM NAME AND STYLE OF M. L. ADAMS & SON, *Defendants in Error*.

1. The provisions ,of Section 2864 of the General Statutes of 1906 make it the duty of a railway company to properly equip all flat cars *belonging to such carrier* and which may be furnished on which to load any cargo of lumber with sufficient standards, supports, railing, etc., necessary to' hold and keep the cargo firmly in place. This statute, however, does not make it the duty of ·the railway company to equip flat cars furnished by it to the shipper when the said cars belong to other railway companies.

2. It is the duty of a court to interpret laws and not make them. When the meaning of a statute is clear, its consequences, if evil, can only be avoided by a change of the law itself, to be effected by the Legislature and not by judicial construction.

This case was decided by Division B.

Writ of error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*W. B. Davis* and *S. S. Sandford*, for plaintiff in error

*Thos. B. Adams,* for defendants in error.

PARKHILL, J.—In this case the plaintiff in error seeks relief by writ of error ·from a judgment recovered by the defendants in error in the Circuit Court for Taylor County, the declaration filed therein being as follows:

"Now comes M. L. Adams, Sr., and T. B. Adams,

VOL. 56, JUNE TERM, 1908.    295

The Florida Railroad Co. v. M. L. Adams & Son—Opinion of Court.

partners doing business as M. L. Adams & Son, plaintiffs, by his attorneys, T. B. Adams, Christopher Matheson and Horatio Davis, and sues the Florida Railway Company, a corporation organized and existing under the laws of the State of Florida, successor to the Suwannee and San Pedro R. R. Co. and having an agent in the said county of Taylor, defendant. For the defendant being a railway company engaged in the business of carrying for hire in the county and State aforesaid, did from time to time between the 1st day of January, A. D. 1904, and the 1st day of March, A. D. 1906, in the said county of Taylor, furnish the plaintiff, at his request, ninety-six flat cars on which to load and ship over the said defendant's railway certain cargoes of lumber; that the said ninety-six cars so furnished by the defendant to plaintiff, did not, when furnished, have proper and sufficient standards, supports, strips, railing and other equipments and appliances necessary and proper to hold and keep firmly in place the cargoes of lumber that were to be and were loaded and shipped by plaintiff on said cars over said defendant's railway; that the defendant failed and neglected to efficiently and suitably equip and supply the said ninety-six cars or either of them with such proper and efficient standards, supports, strips, railing and other equipments and appliances necessary to keep said cargoes in place.

And plaintiff further alleges that the said defendant having so failed in the duty imposed on it by the statute of the State of Florida, made and provided in respect to its said cars, or cars furnished by it, it became necessary for plaintiff to supply and furnish such standards, supports, strips, railings and other equipments and appliances, and that the said ninety-six cars with all proper and sufficient standards, supports, strips, railings and

other equipments and appliances necessary to hold and keep his said cargoes of lumber firmly in place.

And plaintiff further alleges that the said ninety-six cars so loaded, equipped and supplied by the plaintiff, were shipped from Perry, Florida, to Jacksonville, Fla., and Fernandina, places wholly and entirely within the State of Florida, and were carried by defendant for hire over its said railway and it became the duty of the defendant to pay to plaintiff one and one-half dollars ($1.50) for each and every car so equipped and supplied by him with such standards, supports, strips, railing and other equipments and appliances, amounting on the said 96 cars to $144.00, but the said defendant, although requested by the plaintiff to pay to him the said amount, has refused and still refuses to pay the same or any part thereof. And the plaintiff claims $200.00 damages.

And for a second count plaintiff alleges each and every the allegations of the first count and further alleges that heretofore, to-wit: on March 1st, 1906, defendant became indebted to plaintiff in the sum of two hundred dollars for money payable by the defendant to the plaintiff for work done and materials furnished by the plaintiff for the defendant at its request, and in a like sum of Two Hundred Dollars for money lent by the plaintiff to the defendant. And defendant being so indebted, in consideration thereof, promised to pay to plaintiff the said sum of money, but the defendant, though often requested by the plaintiff to pay same, and though long since due, yet the defendant has not paid the same or any part thereof to plaintiff, and refuses so to do. And the plaintiff claims $200.00 damage."

By a demurrer that reached the first count of this declaration, as well as by plea and exceptions to the admission of testimony, and to the sufficiency of the evi-

dence to support the verdict, there is presented the question whether, in order that the plaintiff be entitled to recover, he must allege and prove that the flat cars which were inefficiently equipped with standards, supports, etc., belonged to the defendant company. The declaration avers and the proof tends to show merely that these cars were furnished to the plaintiff in such condition by the defendant.

This action is based upon provisions of the General Statutes of 1906, as follows:

"2864. Must provide flat cars with suitable appliances for hauling timber, etc.—It shall be the duty of every railway company or other person engaged in the business of carrying for hire in this State, to efficiently and suitably equip and supply every and all flat cars and cars belonging to such carrier, and which may be furnished on which to load any cargo of lumber or timber with all proper and sufficient standards, supports, stays, strips, railing and other equipments and appliances necessary to hold and keep the cargo firmly in place."

"2866. Penalty for not providing appliances.—When ever any such carrier shall fail in the duty imposed upon it, in respect of its said cars in the two preceding sections, and the unsupplied standards, supports, strips, and other proper equipments shall be provided by the shipper, it shall be and is hereby made the duty of such carrier owning car, to pay the shipper one and one-half dollars for each and every car to which it may be necessary for said shipper to supply or provide any such standard, support, strips or other equipments, as compensation to the said shipper for the same, payment of which said sum shall be made by said carrier to said shipper upon demand of said shipper made upon any agent of said carrier, and said shipper shall have a lien therefor on said car."

Section 2865 provides that the said appliances shall be weighed as part of the car and shall be deducted from the weight of the cargo. It has no bearing upon this case.

The provisions of section 2864 make it the duty of the railway company to efficiently equip every and all flat cars belonging to such carrier and which may be furnished on which to load any cargo of lumber. To say that, under this statute, it becomes the duty of the railway company to efficiently equip *every and all flat cars which may be furnished* on which to load any cargo of lumber, as the defendant in error contends for, would be to eliminate from this statute the words "every and all flat cars belonging to such carrier," which the law-making power have written therein. By such a construction of the language of the statute, this court would make it the duty of the railway company to efficiently equip in the way pointed out flat cars belonging to other railway companies and furnished to the shipper, when the law imposes the duty to equip the flat cars belonging to such carrier and which may be furnished on which to load lumber. In this way we would rewrite the law. This section clearly and positively limits the duty of the railway company engaged in the business of carrying for hire in this State to so equip all flat cars belonging to such carrier and which may be furnished for the purpose mentioned. It does not make it the duty of such carrier to so equip all flat cars which may be so furnished. The words "belonging to such carrier" qualify the words flat cars and point out the flat cars that must be so equipped with standards, etc. This meaning is emphasized by the language of section 2866, as follows: "Whenever any such carrier shall fail in the duty imposed upon it, *in respect* of *its* said cars in the two preceding sections, and the unsupplied standards, supports,

VOL. 56, JUNE TERM, 1908.        299

The Florida Railroad Co. v. M. L. Adams & Son—Opinion of Court.

strips and other proper equipments, shall be provided by the shipper, it shall be and is hereby made the duty of such carrier *owning car* to pay the shipper one and one-half dollars for each and every car to which it may be necessary for said shipper to supply or provide any such standard, supports, strips, or other equipments, as compensation to the said shipper for the same." Here again we see that the duty imposed upon the carrier is in respect to *its* said cars and the duty of paying the shipper that provides the equipments for the cars is imposed on the carrier owning the car. Then, again, this meaning of the statute is emphasized in the title of the act. These sections of the General Statutes were originally enacted as parts of Chapter 5213, Acts of 1903, the title of which reads in part as follows: "An Act to Require Railway Companies and Other Carriers to Equip Their Flat Cars used for Carrying Lumber and Timber with Standards, Supports, Strips, Railings and Other Appliances Necessary to the Safe Carriage of such Lumber and Timber." The liability under this statute undoubtedly attaches to the carrier furnishing the car, but that carrier must also be the one to whom the car belongs. This construction does not make the statute inoperative, as counsel contend. According to our view the statute operates only upon the carrier owning and furnishing the defectively equipped flat cars. According to this view the statute operates, but does not go as far as counsel would have it go. That is the fault of the Legislature, and to the Legislature must counsel go to have extended the effect of this law. It is our duty to declare the law as it is written. We cannot undertake by a construction of the statute to add to it or to subtract from it. Its language is plain and unambiguous. When the meaning of a statute is clear, its consequences, if evil, can only be avoided by a change of the law itself, to be

effected by the Legislature, and not by judicial construction. Curry v. Lehman, 55 Fla. 847, 47 South. Rep. 18.

Counsel for defendant in error contend, "The defendant here, by its contract with the people, cannot, by saying that the cars were not its own, escape its common law duty and its duty by express statute to suitably equip the cars furnished for carrying lumber." The weakness of this argument lies in the fact that this suit is not based upon the failure of the defendant company in the performance of its common law duty. The Supreme Court of South Carolina was undoubtedly correct in saying as quoted by counsel: "The responsibility of a common carrier is to transport safely and securely, which includes the necessity of having safe appliances, cars, machinery, etc., and we know of no principle of the law which would allow them when damage is done by a defective car to shield themselves upon the ground that said car belonged to and was used by another company. When the car here was received by the defendant, it was adopted as a part of the defendant's train, and the defendant then became as fully responsible for its character, etc., as if it was its own car." The instant case is not a suit for damage done by a defective car, but a suit to collect the sum of one and one-half dollars fixed by a *statute* as compensation for a failure on the part of a carrier to properly equip flat cars belonging to and furnished by it to a shipper.

We think the court erred in its rulings when this question was presented to it, and for these errors the judgment is reversed.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.