# Zavelo *v.* Cohen Bros.

*Detinue.*

(Decided July 3, 1908.   47 South. 292.)

1. *Detinue; Pleading; Sufficiency.*—A plea, to an action in detinue, asserting that in bankruptcy proceedings against the defendant, the plaintiffs in this action had filed a petition claiming title to the goods sued for in this action on the ground of fraud practiced by the defendant in obtaining possession thereof, and that after a trustee had been appointed, defendant effected a composition with his creditors, and that said composition was confirmed and said bankruptcy proceedings were dismissed, and that by said order of dismissal the .rights of the plaintiff to said property were adjudged adversely to the plaintiff, and the title to the property was vested in the defendant; that the claim to said property so asserted in said bankruptcy proceedings is the same claim under the same right and title as is asserted by plaintiff in this cause; is insufficient in that it does not appear therefrom that the dismissal in the bankruptcy proceedings involved the merits of plaintiff's title, or that plaintiff's claim was anywise adjudicated by the court, the averment as to the effect of the order being a mere conclusion. And the same plea with the further and added averment 'that plaintiffs had appeared in opposition to the confirmation of the composition effected with defendant's creditors and had claimed to be creditors by virtue of the sale, to defendant of the goods sued for in the detinue action and were, therefore, estopped to set up title or right of possession was defective in that it might be that plaintiffs were held to have elected to rescind the contract and reclaim the goods and were not therefore, entitled as creditors to oppose the confirmation, the two rights being inconsistent.

2. *Same.*—Where a plea alleged that plaintiffs had elected to proceed in a Federal court to litigate their title to the goods sued for, and, therefore, the present suit should be abated, but which fails to aver or show that the party pleading was a party to the suit in the Federal court, is demurrable on that account, under the rule that pleadings are construed most strongly against the pleader.

3. *Bankruptcy; Title Acquired by ·Trustee; Title on Reversion to Bankrupt.*—The title that a bankrupt has vests in the trustee, and if the bankrupt title is defeasible when it vests in the trustee, upon a composition and a dismissal of the bankruptcy proceedings, the title that reverts to the bankrupt is still a defeasible title.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Detinue by Cohen Bros. against B. Zavelo. Judgment for plaintiffs, and defendant appeals. Affirmed.

The facts, together with the pleading, are sufficiently stated in the opinion of the court. The fourth and fifth grounds of demurrer to the third plea are as follows: "(4) It does not appear from said plea that said alleged former judgment was on the merits of plaintiff's title or of the cause of action involved herein. (5) It does not appear from said plea that any judgment whatsoever was rendered by the said district court on plaintiff's alleged petition; the allegation as to the effect of the judgment dismissing the bankruptcy proceedings being a mere conclusion of the pleader."

POWELL & BLACKBURN, for appellant. Counsel insist that under the bankruptcy act, the title went to the trustee, and upon composition and confirmation thereof, it reverted to the bankrupt, and that as the present plaintiff claimed the goods on account of fraud, and also opposed the composition that they were either estopped to now claim the goods or that their claim had been adjudicated, and in support thereof cite.—Secs. 12 (f.), 31 (g), and 70 (f); Collier on Bankruptcy (4th Ed.) 149.

GEORGE HUDDLESTON, and STERLING A. WOOD, for appellee. The pleas were neither good as res arjudicata nor as an estoppel.—*Glazer v. Myrovitz,* 119 Ala. 152; *Gilbreath v. Jones,* 66 Ala. 132; *McCall v. Jones,* 72 Ala. 371; *Burgess v. Suggs,* 2 S. & P. 341; *Hanchey v. Crosky,* 81 Ala. 151; *Chamberlain v. Gaillard,* 26 Ala. 504; *Jones v. Cowles,* 26 Ala. 612; *Sullivan v. Conway,* 81 Ala. 153; *Cunningham v. Miller,* 56 Ala. 522; *Sharon v. Minnock,* 6 Nev. 377; 8 Ency. P. & P. 9· and 10; sec. 70 (f) Bankruptcy Act.

DENSON, J.—This is an action of detinue to recover certain personal property described in the bill of complaint. In addition to the plea of the general issue,

three special pleas were filed. To these special pleas demurrers were sustained, and, on issue joined between the parties on the general issue, verdict and judgment were rendered for the plaintiff. The defendant appeals, and assigns as error the judgment sustaining the demurrers to his special pleas numbered 3, 4, and 5.

The third plea, in substance, shows that the defendant was, on his own petition, adjudicated a bankrupt in the District Court of the United States at Birmingham, Ala., on the 2d day of November, 1905; that while the bankruptcy proceedings were pending in said court, and after the property of the bankrupt had been committed to the hands of a receiver, the plaintiff filed their petition in said bankruptcy proceedings, claimed title to the property here sued for on the ground of fraud practiced on them by the defendant in obtaining the possession thereof. It is averred that a trustee of the bankrupt's estate was appointed, and that, after the title to the property here involved had vested in the trustee, defendant effected a composition with his creditors. It is then averred that by the decree of the court on a day in February, 1906, "the said composition was confirmed and said bankruptcy proceedings were dismissed, and that by said order of dismissal the rights of the plaintiffs to the said property were adjudged adversely to them, and the title to the property was vested in the defendant." It is then averred "that the claim to the said property so asserted in said bankruptcy proceedings is the same claim under the same right and title as is asserted by plaintiffs in this cause."

It is clear to our minds that the demurrer to this plea was well sustained, on the fourth and fifth grounds. It does not appear from the plea that the dismissal of the bankruptcy proceedings involved the merits of plaintiffs' title, nor, indeed, that plaintiffs' claim was in any

wise adjudicated by the court; for clearly the averment in the plea with respect to the order of dismissal is a mere conclusion of the pleader. In respect to the argument and insistence of appellant's counsel, in support of the plea, that the title to the bankrupt's property vested in the trustee, and upon confirmation of the composition that it revested in defendant, it may be conceded as a general proposition to be correct; but it is a well-established rule that the trustee has no higher interest in, or better title to, the property of the would-be bankrupt than such bankrupt himself had. "Only the defeasible title of the latter to the goods in controversy vested in the trustee," and, when the decree of confirmation of the composition was passed, that same defeasible title reverted to the bankdupt.—*Donaldson v. Farwell*, 93 U. S. 631, 23 L. Ed. 993; Brandenburg on Bankruptcy, §§ 1148, 1158. The plea not averring sufficient facts to show a former adjudication, the way was left clear for litigation by plaintiffs with defendant in respect to the ownership of the goods, notwithstanding the decree or order confirming the composition.—*Donaldson v. Farwell, supra.*

The averrments of plea 3 are adopted by plea 4; and that plea further avers, in substance, that "pending the bankruptcy proceedings to the said petition for composition these plaintiffs entered their appearance in opposition to the confirmation of said composition as creditors in bankruptcy, and they claimed to be creditors by virtue of the sale to this defendant of the goods described in the complaint herein, and are now estopped to set up title or right of possession to the said above-described property." We think the ground of demurrer to this plea, "that it does not appear that such opposition to the composition was not disallowed on the ground that plaintiff was not a creditor of defendant in said plea al-

leged," was well sustained. If the defendant induced the plaintiffs to sell him the goods by practicing a fraud upon plaintiffs, they were presented with two alternatives: First, to rescind the sale and reclaim the goods; and, second, to treat the sale as valid and hold defendant as their debtor for the contract price. These being inconsistent rights, the plaintiffs were required to elect between them, and the election once made, could not be revoked.—*Hickman v. Richburg*, 122 Ala. 638, 26 South. 136. The plea shows an election to rescind the contract and reclaim the goods, and was made before the alleged opposition was offered to the confirmation of the composition; and so far as the plea goes it may well be that the plaintiffs were ruled to have elected a rescission of the contract and to reclaim the goods, and were therefore not creditors. On these considerations the court holds that the demurrer to plea 4 was properly sustained.

The gist of the fifth plea is that the plaintiffs have elected to proceed in the District Court of the United States at Birmingham to litigate their title to the goods sued for, and, therefore, that the present suit should be abated. But the plea fails to aver or show that the defendant here is a party to the suit pending in the District Court, and, construing it most strongly against the defendant, he is not a party to that litigation. Hence the demurrer to the plea was properly sustained.—*Foster v. Napier*, 73 Ala. 595.

The judgment of the trial court is affirmed.

Tyson, C. J., and Haralson, Simpson, and Anderson. JJ., concur.