NORTH BAY SHORE LAND COMPANY, A CORPORATION, *Appellant*, v. C. H. PERRY, *Appellee*.

Opinion Filed October 16, 1923.

1. As between a materialman or laborer and the owner of a building or structure for which material is furnished or upon which labor is performed, the lien provided for by statute in favor of such materialman or laborer does not depend upon the record of a notice of such lien (Rev. Gen. Stats. §3417) but attaches or is acquired from the moment the first material is furnished or labor performed under the contract. Palm Beach Bank & Trust Co. v. Lainhart, 84 Fla. 662, 95 South. Rep. 122.

2. Where a bill is filed to foreclose the lien of a materialman or laborer against the lienee-owner of a building or structure for which material has been furnished or upon which labor has been performed, for the purpose of enforcing payment of the amount due therefor, and the property is released from the lien claim thereunder by the defendant-owner's entering into bond as provided by statute (Rev. Gen. Stats. §3532) conditioned for the payment of any judgment or decree which may be recovered on said lien, a decree *in personam* for the amount found to be due may be taken against the defendant-owner of the property.

3. When the decree of the chancellor is supported by substantial evidence, the decree will not be disturbed.

This case was decided by Division B.

An Appeal from the Circuit Court for Dade County; H. Pierre Branning, Judge.

Affirmed.

*R. F. Burdine*, for Appellant:

*Gramling & Clarkson,* for Appellee.

WEST, J.—This is a suit to foreclose a lien upon certain described land for material and labor furnished and performed by complainant in the improvement of the premises. Subsequent to the filing of the bill of complaint the name of the defendant owner, which is a corporation, was changed from Claude E. Sawyer Biscayne Bay-Front Realty Company to North Bay Shore Land Company. In addition to prayers that the lien claimed be established, an accounting had, and the property sold to pay the debt, the bill sontained a prayer for general relief. Decrees pro confesso against defendants other than the owner of the property were entered. Demurrers to the bill of complaint were overruled. Answer was filed by the defendant owner. Testimony was taken and the cause submitted for final hearing. The final decree was for complainant. The court found, among other things, that complainant was entitled to a lien upon the land described for an amount slightly less than the amount claimed, but further found that subsequent to the filing of the bill of complaint and during the progress of the cause the defendant, North Bay Shore Land Company, had caused such lien to be released by filing a bond pursuant to the terms of the statute, conditioned for the payment of any judgment recovered in the suit with costs. Whereupon the court ordered and decreed that defendant owner should, within three days, pay to complainant the amount found to be due with costs, and awarded the complainant, after the expiration of said three days' period, an execution as at common law. The appeal is by the defendant owner of the property from this decree.

Three questions are submitted.

1.    The first presents for review the order overruling defendant's demurrer to the bill of complaint.  The ground of the demurrer insisted on is that the lien sought to be enforced, or notice thereof, or a certified copy was not attached to the bill of complaint.  Attached to the bill is an itemized statement of material furnished and labor performed by complainant.  As between a material-man or laborer and owner of the property, the lien claimed does not depend upon the record of a notice of such lien.  It "shall be acquired by any person, in privity with such owner, by the performance of the labor or the furnishing of the materials."   Sec. 3517, Rev. Gen. Stat.   In Palm Beach Bank & Trust Co. v. Lainhart, 84 Fla. 662, 95 South. Rep. 122, the court said: "the lien attaches or is acquired from the moment the first material is furnished or labor supplied under the contract and covers all material furnished or labor supplied thereunder."   See also Sec. 3530, Rev. Gen. Stat.; Eddins v. Tweddle, 35 Fla. 107, 17 South. Rep. 66; People's Bank of Jacksonville v. Arbuckle, 82 Fla. 479, 90 South. Rep. 458.

2.    The principal contention is that the defendant, having made and filed its bond under the provisions of section 3532, Revised General Statutes, conditioned for the payment of judgment against it recovered on said lien, subsequent proceedings in the suit, including the entry of the decree, were unauthorized.  This section is as follows:

"3532 (2225) By filing bond.—Any lienee may release his property from any lien claim thereon under this chapter by filing with the clerk of the circuit court a bond with two good and sufficient sureties, to be approved by the clerk, payable to the person claiming the lien in double the sum claimed, and conditioned for the payment of any judgment which may be recovered on said lien, with costs."

No such bond appears in the transcript of the record.

There is an order in the transcript reciting that such a bond was given by the defendant owner. By this order the lien is cancelled, a lis pendens notice set aside and the land described released and discharged from the lien. The decree is against the defendant owner alone. The question of how the obligation of the surety or sureties on the bond would be enforced is not presented. That a decree *in personam* against the defendant in such a case is proper seems to be settled by the authorities. 18 R. C. L. title "Mechanics' Lien," §106, p. 964; King v. Ramsey, 66 Fla. 257, 63 South. Rep. 439; Scott v. Goldinghorst, 123 Ind. 268; Phillips v. Gilbert, 101 U. S. 721.

3. Discussion of the question of the sufficiency of the evidence to support the decree would be of no value. That certain materials were furnished and certain labor performed by complainant are admitted. The question of whether they were of such character as to benefit the defendant's property is the point in dispute. The material furnished was for a windmill and irrigation plant. The defendant contends that the work of setting up and installing the tank and plant was so imperfectly done that it added no value to the premises, but the court holds otherwise and there is evidence in the record to sustain this holding.

None of the contentions can be sustained. The decree is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., Concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., Concur in the Opinion.