J. A. Kidd and Southern Surety Company, a Corporation, *Plaintiffs in Error*, v. City of Jacksonville, a Municipal Corporation, for the Benefit of Hirsch Lumber Company, a Corporation, *Defendants in Error*.

Division B.

Opinion Filed March 1, 1926.

*Giles J. Patterson* and *V. S. Giblin,* for Plaintiffs in Error.

*Marks, Marks & Holt,* for Defendants in Error.

BUFORD, J.—This action was brought in the Circuit Court of Duval County in the name of the City of Jacksonville, a municipal corporation, for the use and benefit of Hirsch Lumber Company, a corporation, against J. A. Kidd and Southern Surety Company, a corporation. The action was based upon the bond of J. A. Kidd as principal and Southern Surety Company as surety. A copy of the bond was attached to the declaration was in words and figures as follows, to-wit:

"STATE OF FLORIDA,
COUNTY OF DUVAL, SS. No............
CITY OF JACKSONVILLE,
Amount $51,210.00

"KNOW ALL MEN BY THESE PRESENTS, That we, J. A. Kidd of Duval County, Florida, hereinafter called Principal, and the Southern Surety Company, a corporation under the laws of the State of Iowa and authorized to do business in the State of Florida, hereinafter called surety, are held and firmly bound unto the City of Jacksonville, a municipal corporation in Duval County, Florida, acting

according to law through its City Commission, in the sum of Fifty-one Thousand, Two Hundred and ten and no/100 dollars ($51,210.00), lawful money of the United States, for the payments whereof well and truly to be made, the said Principal and the said Surety bind themselves, their heirs, successors, assigns, executors and administrators, respectively, jointly and severally, firmly by these presents.

"SIGNED AND SEALED this 7th day of November, A. D. 1922.

"THE CONDITIONS OF THIS OBLIGATION is such that WHEREAS, the said Principal has entered into a certain contract bearing date the 7th day of November, A. D. 1922, with the said City of Jacksonville, acting according to law through its City Commission, to do all the work and furnish all the materials requisite to constructing wooden relieving platform, anchor pile system and fender pile system, and to do all the work and furnish all the materials requisite to the construction of a steel bulkhead wall at the Municipal Docks, in compliance with all the terms, covenants, conditions, specifications and stipulations thereof, which said contract is hereby referred to and made a part hereof to the same extent as if fully set out herein.

"NOW, THEREFORE, if the said Principal shall well, truly and faithfully comply with all the terms, covenants, conditions, stipulations and specifications of said contract on his part to be kept and performed, according to the tenor of said contract, and if said Principal shall promptly make payments to all persons supplying him with labor and materials in the prosecution of the work provided for in said contract, then this obligation to be null and void, else to remain in full force and effect.

"IN WITNESS WHEREOF, the said Principal and the said Surety have duly executed this bond the day and year first above written."

There was also attached to the declaration a copy of the contract which was referred to and made a part of the conditions of the bond which was in words and figures as follows to-wit:

"THIS CONTRACT, Executed this 4th day of December, A. D. 1922, by and between the City of Jacksonville, a municipal corporation in Duval County, Florida, acting according to law through its City Commission, the former being hereinafter called the 'CITY' and the latter the 'COMMISSION,' party of the first part, and J. A. Kidd, of the City of Jacksonville, Duval County, Florida, hereinafter called the 'CONTRACTOR' party of the second part.

"WITNESSETH: That for the consideration and under the provisions hereinafter stated and referred to, moving from each to the other of said parties respectively, it is mutually understood and agreed as follows:

"1. The contractor is the lowest and best responsible bidder for furnishing materials for and constructing wooden relieving platform, anchor pile system and fender pile system, and for the construction of a steel bulkhead wall at the Municipal Docks.

"2. The Contractor will do the work required to be done and will furnish the materials required to be furnished on said wooden relieving platform, anchor pile system, fender pile system and steel bulkhead wall in accordance with the proposal for bids by the City Commission, at the price and on the terms contained in the contractor's bid for the doing of said work and in strict compliance with the plans and specifications for said work, including the general conditions, now on file in the office of the City Commission, all of which are specially referred to and made a part of this contract to the same extent as if fully set out herein.

"3. On the faithful performance of this contract the con-

tractor, the City, will pay the contractor in accordance with the terms and on the conditions stated in said proposal, bid, plans and specifications.

"4. No extra work shall be required or authorized which would make the total cost for said work in excess of the bid of the contractor unless the same shall be first approved by the City Commission.

"IN WITNESS WHEREOF, the parties hereto have duly executed this contract in triplicate the day and year first above written."

The plans and specifications which are made a part of the contract by the provisions of section two of said contract were not attached to the declaration were not made a part thereof.

A demurrer was filed to the declaration by Southern Surety Company, the second ground of which was as follows: "Said declaration states no cause of action against this defendant." The third ground of demurrer was: "The facts alleged are insufficient to constitute the cause of action against this defendant."

There are other grounds of demurrer which are not necessary to be considered at this time.

The demurrer was overruled and defendant entered other pleas.

As heretofore stated, the declaration was based upon the bond executed by the Surety Company. The obligations of the bond is, "Now, therefore, if the said Principal shall well, truly and faithfully comply with all the terms, covenants, conditions, stipulations, and *specifications* of said contract, and if said Principal shall promptly make payments to all persons supplying him with labor and materials in the prosecution of the work provided for in said contract, then this obligation to be null and void, else to remain in full force and effect."

The declaration alleges that the material was furnished by plaintiff in the prosecution of the work but it does not allege that the material was of the specifications provided for in the contract between the City of Jacksonville and J. A. Kidd.

Under the terms of the bond the Surety Company only bound itself to pay for labor performed or material furnished according to the specifications contained in the contract. The plaintiff did not allege that the material furnished was in accordance with the specifications contained in the contract made and entered into between Kidd and the City of Jacksonville, but alleges that the material was according to the specifications agreed upon between the plaintiff and Kidd.

The plaintiff based its right to recovery entirely upon the performance of its contract with J. A. Kidd in furnishing such lumber as was contracted for by J. A. Kidd.

Each count of the declaration contains the following language:

"And although all periods have elapsed and all conditions have been fulfilled, all events have happened, and all things have been done to entitle the said Hirsh Lumber Company, a corporation, to the payment of the said sum of money hereinabove mentioned, yet neither the defendant J. A. Kidd nor the defendant Southern Surety Company, a corporation, has paid the said sum or any part thereof, although often requested so to do."

The breach, however, which is complained of is a breach of the contract between Hirsch Lumber Company and the contractor. The allegations of the declaration are sufficient to state a cause of action against J. A. Kidd but fail to allege the furnishing of such material as would make the surety liable under the conditions of its bond.

The declaration must state distinctly the performance of

every act on the part of the plaintiff is essential to the plaintiff's right of recovery.

Royal Phosphate Co., et al. vs. VanNess et al., 53 Fla. 135, 43 So. 916, .

W. U. T. C. v. Merritt, 55 Fla. 462, 46 So. 1024 Hoopes Bro. & Darlington vs. Crane and McMahon, 56 Fla. 295, 47 So. 292,

German, American Lumber Co. vs. Brock, 55 Fla. 477, 46 South. 740,

Milligan vs. Keyser, 52 Fla. 331, 42 So. 367.

The plaintiff could not recover against the surety in an action based upon the bond for material furnished which materials did not comply with the specifications referred to in the contract which specifications by reference constituted a part of the bond; and therefore it was necessary for the declaration to affirmatively show that such materials were furnished.

The demurrer to the declaration having been overruled the defendant filed several pleas, one of which was as follows:

"2. That the bond mentioned and described in the plaintiff's declaration was executed and delivered by this defendant as surety for the faithful performance by the said J. A. Kidd of the contract referred to in said declaration; that in and by the terms of said contract it was provided and agreed as follows:

"The work done and the materials furnished shall be strictly pursuant to and in conformity with the specifications and plans, which are attached hereto and made a part hereof. The said specifications and plans are intended to co-operate and any work appearing upon the plans and not mentioned in the specifications, or mentioned in the specifications and not appearing upon the plans, shall be executed according to the true intent and meaning of the

said specifications and plans, the same as though the said work was contained and described in both; that the lumber or materials alleged to have been furnished by the plaintiff herein to the said J. A. Kidd were not in conformity with the specifications and plans attached to the said contract and were unfit for use in the prosecution of the work referred to in said contract and were not used in the prosecution of said work.''

This plea denied performance by plaintiff of a condition precedent and tendered a material issue of fact, if it could be construed that the general allegations of performance contained in the declaration were in effect an allegation that the material had been furnished by plaintiff in conformity with the specifications stipulated in the contract and made a part of the bond, which issue was not presented by a plea of general issue.

> Jacksonville Electric Co. vs. Sloan, 52 Fla. 257, 42 So. 516,
>
> Atlantic Coast Line R. R. Co. vs. Crosby, 53 Fla. 400, 43 So. 318,
>
> Gainesville Gulf R. R. Co. vs. Peck, 55 Fla. 402, 46 So. 1019.

Demurrer was interposed to this plea and was sustained.

The judgment must be reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS, J., concur in the Opinion.

STRUM, J., disqualified.