A. D. LAWSON and COLUMBIA CASUALTY COMPANY, a Corp., v. COUNTY BOARD OF PUBLIC INSTRUCTION, FRANKLIN COUNTY, for the Use and Benefit of W. A. Alford, *et al.*

159 So. 14.
Division B.
Opinion Filed January 24, 1935.

*R. Don McLeod, Jr., W. J. Oven, James Messer, Jr.,* and *W. J. Oven, Jr.,* for Appellees.

TERRELL, J.—This is a suit in the name of the Board of Public Instruction of Franklin County for the use of Apalachicola State Bank as assignee of numerous claims of laborers for work done for A. D. Lawson on Chapman Consolidated School. A. D. Lawson was the contractor who agreed to construct said school and Columbia Casualty Company was surety on his bond. Both are parties defendant. This is the second appearance of the cause in this Court. 114 Fla. 153, 154 So. 170.

These facts are pertinent: March 18, 1931, the Board of Public Instruction of Franklin County entered into contract with A. D. Lawson and Columbia Casualty Company

as his surety to construct Chapman Consolidated School within 250 working days at a total cost of $63,500.00, eighty-five per cent. of which was payable in semi-monthly estimates by the architect and the remaining fifteen per cent. was payable within thirty days after completion of the building.

March 19, 1931, the contractor furnished the bond as required by Section 3533, Revised General Statutes of 1920, Section 5397, Compiled General Laws of 1927. It is alleged in the amended bill of complaint that on February 6, 1932, the contractor was unable to meet his pay roll. The laborers to whom he was indebted assigned their right to Apalachicola State Bank which paid them. This arrangement between the bank and the laborers was continued until July 9, 1932. March 21, 1933, more than thirteen months after the first payments were made by the bank under this arrangement and fourteen months after the project should have been completed, the contractor being in default in payment of its claims the bank called on the surety to pay the sum of its advances amounting to $8,070.55. Payment was not made as requested, hence this suit as authorized by the foregoing statute.

A motion to dismiss the bill of complaint was overruled and this appeal is from that decree. Three material errors are assigned and argued in this Court as follows:

(1) When the assignee of claims for labor on a public works project brings suit under Section 3533, Revised General Statutes of 1920, Section 5397, Compiled General Laws of 1927, against the contractor and surety on his bond should the bill allege that the labor was performed in accordance with the plans and specifications prescribed in the contract.
(2) Is common labor on a public project bound by conditions precedent in a bond given pursuant to Section 3533,

Revised General Statutes of 1920, Section 5397, Compiled General Laws of 1927, when such conditions impose specified duties on the obligee named in the bond, the said obligee in this case being the Board of Public Instruction of Franklin County. (3) Under the facts recited was Apalachicola State Bank guilty of *laches?*

The bond required under Section 3533, Revised General Statutes of 1920, Section 5397, Compiled General Laws of 1927, was to insure payment for labor and material used in such projects. It is of course essential to prove that such labor and material were actually furnished according to the terms of the contract, but it is not essential to allege in the bill that the labor was performed in accordance with the plans and specifications forming a part of the contract. In the case at bar the allegations of the bill were ample to withstand the assault on it by motion to dismiss. We have examined Kidd v. City of Jacksonville, 91 Fla. 380, 107 So. 677, but we do not consider that it rules the instant case.

Except the question of *laches* all other questions raised in this case are ruled against the contention of the appellants by Glades County, Florida, v. Detroit Fidelity & Surety Co., 57 Fed. 22 (2d) 449, and United States Fidelity & Guaranty Co. v. Omaha Building & Construction Co., 116 Fed. 145. This Court is committed to the rule that the liens and claims of laborers and material men are assignable and that when assigned the assignee becomes vested with all the interest of the assignor. Spears v. West Coast Builders' Supply Co., 101 Fla. 980, 133 So. 97.

As to the question of *laches* appellants apparently rely on paragraph four of the bond. The record discloses that the labor was performed and the assignments on which this cause was predicated were taken between February 1, 1932,

and July 9, 1932, and that the bill of complaint was filed July 15, 1933.

Section 2931, Revised General Statutes of 1920, Section 4651, Compiled General Laws of 1927, in terms inhibits stipulations in any contract from having the effect of shortening the period of statute of limitations for bringing actions. If there is a conflict between paragraph four of the bond and Section 2931, Revised General Statutes of 1920, the statute must prevail and be given effect which is in keeping with its terms. The claims involved here were not barred by the statute of limitations. Section 2930, Revised General Statutes of 1920, Section 4662, Compiled General Laws of 1927.

For these reasons the judgment below is affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.